United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LAINE,<br>   Plaintiff,<br><br>  v.<br><br>CITY OF LIVERMORE, et al.,<br>   Defendants. | Case No. 15-cv-03656-VC<br><br>**ORDER GRANTING IN PART MOTION FOR A PRELIMINARY INJUNCTION**<br>Re: Dkt. No. 17 |

Laine's motion for a preliminary injunction is granted in part.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). With respect to his procedural due process claim, Laine has satisfied all four of these criteria.

Laine is likely (indeed, he seems certain) to succeed on the merits of his procedural due process claim. Though "a post-seizure hearing within forty-eight hours satisfies the requirements of due process" where the seizure of a vehicle is concerned, *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1325 (9th Cir. 1982), "[a] five-day delay in justifying detention of a private vehicle is too long," *Stypmann v. City & Cty. of San Francisco,* 557 F.2d 1338, 1344 (9th Cir. 1977). In this case, Laine twice requested a post-seizure hearing – once shortly after his vehicle was towed on June 15, 2015, and again three weeks later on July 7. Nevertheless, the City of Livermore now concedes that Laine still has not received a hearing, roughly four months after his car was towed. This denial of a post-deprivation hearing violates Laine's right to due process.

Because Laine has shown a violation of his right to due process, the public interest and the

balance of the equities also tip in his favor. *See Ariz. DREAM Act Coal. v. Brewer*, 757 F.3d 1053, 1069 (9th Cir. 2014).

For the same reason, Laine has also shown a likelihood of irreparable harm. "[T]he deprivation of constitutional rights unquestionably constitutes irreparable injury," *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012), so the violation of Laine's right to due process constitutes irreparable harm. And though some courts have suggested that this rule might be different in procedural due process cases that concern "harm the plaintiff had already suffered, rather than to harm he would suffer if the preliminary injunction were not granted," *Gonzalez-Droz v. Gonzalez-Colon*, 573 F.3d 75, 81 (1st Cir. 2009), this is not such a case. Because the City concedes that Laine has still not received any post-deprivation hearing, the violation of Laine's right to due process remains ongoing.

Accordingly, the City of Livermore is ordered to give Laine a hearing within three business days of the date of this order, and the defendants may not do anything to his car until after they have granted him that hearing. The defendants (and their officers, employees, and other agents) are ordered and enjoined to maintain Laine's vehicle in the legal and physical status that conforms, as nearly as possible, to the legal and physical status of that vehicle when it was seized, until Laine's procedural due process claim is resolved (either by the parties among themselves, or through adjudication by this Court). In particular, the defendants may not seek to transfer any possessory interest in Laine's vehicle, may not significantly alter the current physical state of Laine's vehicle (by, for example, using it for scrap or spare parts), and must store the vehicle in a safe place.

Laine also requests that the defendants be ordered to return his car. But a preliminary injunction ordering affirmative action is inappropriate "unless the facts and law clearly favor the moving party." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). Here, it is not "clear" that the law allows a substantive remedy (the return of Laine's car) for a procedural wrong (the denial of a hearing). *See Raditch v. United States*, 929 F.2d 478, 481 & n.5 (9th Cir. 1991). Laine also asserts a Fourth Amendment claim (which would, if meritorious, support the return of Laine's car), but the parties have not developed the facts or arguments relevant to that

1  claim. In the absence of further legal and factual development, it is far from "clear" that Laine is
2  likely to succeed on his Fourth Amendment claim. He admits his car was unregistered for more
3  than six months in violation of the California Vehicle Code, and the City has a legitimate and
4  significant "interest in towing unregistered vehicles." *Scofield v. City of Hillsborough,* 862 F.2d
5  759, 763 (9th Cir. 1988). Thus, at this time, the Court declines to enter an injunction ordering the
6  defendants to return Laine's car.

**IT IS SO ORDERED.**

Dated: October 20, 2015

VINCE CHHABRIA
United States District Judge