UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSHUA LAINE,

        Plaintiff,

   v.

CITY OF LIVERMORE, et al.,

        Defendants.

Case No. 15-cv-03656-VC

**ORDER GRANTING SUMMARY JUDGMENT**

     In this case, the City towed Laine's car, and Laine sued on a variety of theories. The Court entered summary judgment for the City on all but one of Laine's claims – the claim that the City denied him procedural due process by failing to give him a timely hearing on the validity of the tow. The City conceded that it failed to give Laine a timely hearing, so the case was scheduled for trial to determine the damages Laine suffered because of this due process violation.

     Before the pretrial conference, the Court advised the parties that it would grant summary judgment sua sponte unless they could identify some genuine dispute of material fact as to actual damages. Order re Pretrial Conference (Dkt. 90); *see also Portsmouth Square Inc. v. Shareholders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985). The pretrial papers suggested that both Laine and the City were proceeding to trial on the assumption that a violation of Laine's constitutional right to a post-deprivation hearing necessarily entitled him to actual damages for the underlying deprivation. That assumption was wrong. *See Watson v. City of San Jose*, 800 F.3d 1135, 1141 (9th Cir. 2015); *see also Carey v. Piphus*, 435 U.S. 247, 263 (1978). There's no question that the City had the right to tow and hold Laine's car. Laine Resp. to RFA

(Dkt. 93-6) at 5, 17-18; Laine Trial Br. (Dkt. 89) at 2-4; Cal. Veh. Code § 22651(o)(1)(A). Therefore, Laine can't recover damages for the loss of his car. The only damages he could recover are those resulting from the City's delay in letting him challenge the tow in a due process hearing – a hearing that he eventually lost, and would have lost had the hearing taken place earlier.

The parties' presentations at the pretrial conference have confirmed the Court's initial impression that Laine can't connect his alleged actual damages – emotional distress, loss of business, loss of income – to the denial of a post-tow hearing. Throughout this case, Laine has connected his alleged damages only to the loss of his car.

At the pretrial conference (after having been informed of the need to prove damages from the delay in a hearing as opposed to the loss of his car), Laine stated that he in fact would have gotten his car back had the City given him a hearing earlier. He asserted that his mother was the only person with the money to pay his impound fees, and that she had told him that she'd pay to get his car back, but only if he first challenged the validity of the tow in a hearing and lost. Pretrial Conf. at 3:05:25-06:25.

Putting aside the fanciful nature of this assertion, Laine's new theory is contradicted by his sworn testimony during his deposition. Laine Dep. (Dkt. 93-11) at 156:12-19. And Laine can't go to trial on evidence he never alluded to in discovery, hasn't produced on his own, and previously disclaimed under oath. Fed. R. Civ. Pro. 26(a)(1)(A), 37(c); *see also* Laine Disclosures (Dkt. 93-2) at 2; Laine Initial Disclosures (Dkt. 93-1) at 3.

For the most part, though, Laine doesn't actually try to draw a line between the City's due process violation and his alleged damages. Instead, Laine challenges the City's legal authority to tow his car in the first place, arguing that California's car-registration requirement is unconstitutional. But as the Court ruled at summary judgment, Laine's argument runs directly contrary to settled law. The constitutional right to travel does not create a constitutional right to drive. *Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999). The state can require drivers to be licensed. *See Dixon v. Love*, 431 U.S. 105, 115 (1977). The state can require drivers to be

insured. *See Ex parte Poresky*, 290 U.S. 30, 32 (1933). The state can require drivers to register their cars. *See, e.g.*, *Johnson v. Cty. of Horry, S.C.*, 360 F. App'x 466, 469-72 (4th Cir. 2010); *Matthew v. Honish*, 233 F. App'x 563, 564 (7th Cir. 2007).  States don't depend on the Commerce Clause for their authority to regulate private behavior, so it's irrelevant whether drivers are travelling for business purposes or across state lines. *See Bond v. United States*, 134 S. Ct. 2077, 2086-87 (2014).  Laine can of course challenge this body of law in a higher court, if he wishes.  But he can't challenge it at trial, which is a forum reserved for disputes of fact. *United States v. Gaudin*, 515 U.S. 506, 513 (1995).

      Absent a dispute over actual damages stemming from the due process violation, there's no need for a trial.  Both parties agree that Laine's car was unregistered for several years when the City towed and impounded it.  City's Trial Br. (Dkt. 88) at 3; Laine Trial Br. (Dkt. 89) at 2-4.  Both parties agree that Laine was denied a post-deprivation hearing in violation of the Fourteenth Amendment.  Jt. Statement of the Case (Dkt. 86) at 2.  Both parties agree that Laine is owed nominal damages as a result.[1]  *Id.*  Accordingly, the Court grants summary judgment in Laine's favor.  Laine is awarded nominal damages in the amount of one dollar.  As discussed at the pretrial conference, this appears to be a case in which each side should bear its own costs.

      **IT IS SO ORDERED.**

Dated:  October 31, 2016

VINCE CHHABRIA
United States District Judge

---

[1] Local governments aren't generally liable for all of their officers' unconstitutional acts.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *Scofield v. City of Hillsborough*, 862 F.2d 759, 765 (9th Cir. 1988).  However, the City has conceded its liability in this case, admitting that it failed to provide a hearing required by the Fourteenth Amendment, and declining to make a *Monell* argument.